IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SCANNED AT PINCKNEYVILLE CC and E-mailed
4-6-15  by DP  30 pages
date     Initials  No.

GIOVANNI LEYVA, Plaintiff

v.

DEWITT COUNTY, DEWITT COUNTY SHERIFF; Jered Shofner, LIEUTENANT BETTY SMITH, SERGEANT BRANDON ROST, C/O AUSTIN QUINN, C/O TINA LEATHERS, Defendants

NO. 3:15-CV-03107

JURY DEMAND

FIRST AMENDED COMPLAINT

COMES NOW; GIOVANNI LEYVA, Pro Se Plaintiff Pursuant to Fed. R. Civ. P. 15(a) amending his original complaint as a Matter of Course and states the following:

### INTRODUCTION

This is a civil action for money damages arising under 42 U.S.C. §§ 1983 to redress the depravation of rights secured to the plaintiff by the Constitution of the United States and the rights secured to him as a matter of state law.

Plaintiff was housed in the Dewitt County Jail during the months of August and September, year 2013.

Pg 1

The Dewitt County Jail was a place that had many systematic deficiencies ranging from, inadequate medical care, conditions of confinement in the forms of; condemned segregational/observational cells, sleep deprivation lack of adequate clothing, inadequate law library and legal services, and the training and hiring of competent and proffesional personell.

As a result, plaintiff was complaining about these deficient conditions and was instantly the target of harrassment by the correctional staff. This harrassment took place in the forms of insults, racist remarks, interception of outgoing and incoming mail, placement in segregational units that were condemned and filthy, and the prohibition to keep certain legal meterials.

The defendants named herein were acting in retaliatory mindsets and were doing so in their official capacities and under color of state law. They acted in unision and with the knowledge of their superiors.

Plaintiff was finally beaten brutally and transferred out of the Dewitt County Jail to Cook County Department of Corrections.

Pg 2.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this civil action under Title 28 §1331, and 1343(a)3 and personal jurisdiction over defendants herein because defendants were employees at the Dewitt County Jail, in the State of Illinois. Plaintiff is also seeking declaratory relief pursuant § 2201 and 2202 of title 28 and would invoke this courts supplemental jurisdiction pursuant §1367(a) of the same title for his state law claims.

Venue is proper pursuant §§ 1391(b)2 because the events and omissions giving rise to this claim occurred in the Central District of Illinois, the judicial district in which this civil action is being filed.

## PARTIES

PLAINTIFF: GIOVANNI LEYVA

At all times relevant herein, plaintiff was a pre-trial detainee in temporary custody of the Dewitt County Jail.

## DEFENDANTS

DEFENDANT a): DEWITT COUNTY

At all times relevant herein Defendant Dewitt County is a municipal corporation and an Indemnifier as to any liabilities against any defendants herein.

Pg. 3

DEFENDANT b): Dewitt County Sheriff Jered Shofner. At all times relevant herein defendant Shofner was the acting Dewitt County Sheriff. Defendant Shofner is employed by the Dewitt County's Sheriff's department located at 201 W. Washington St. Clinton, IL 61727. Defendant Shofner was the ultimate policy maker and overseer of the Dewitt County Jail (D.C.J henceforth) and is responsible for the hiring and training of its correctional and civilian staff. Defedant Shofner is being sued in his official capacity.

DEFENDANT c) Lieutenant, Betty Smith.
At all times relevant herein defendant smith was the acting Jail administrator for the D.C.J. Defendant Smith was in charge of overseeing the D.C.J.'s day to day operations and played a significant and policy making role at the D.C.J. Defendant Smith was the head supervisor in the Chain of Command in the D.C.J. Defendant Smith was made subjectively aware of many of the jails systematic deficiencies including the ones complained of herein, and had personal involvement in the answering of many of plaintiffs grievances made via the kiosk. Defendant Smith is being sued in her

Pg. 4

personal/individual capacity and in her official capacity.

DEFENDANT d). Sergeant Brandon Rost.
At all times relevant herein defendant Rost was a supervisory sergeant. He is being sued in his individual and official capacity. He was also employed at the D.C.J

DEFENDANT e). C/O Tina Leathers.
At all times relevant herein defendant Leathers was a correctional officer or "C/O" employed at the D.C.J. She is being sued in her individual and official capacity.

DEFENDANT f). C/O Austin Quinn
At all times relevant herein defendant Quinn was a correctional officer or "C/O" employed at the D.C.J. He is being sued in his individual and official capacity.

## GENERAL ALLEGATIONS

1) At all times relevant to this complaint plaintiff, was a pre-trial detainee and thus his constitutional rights were violated specifically his 14th amendments due process clause by the defendants named herein

pg. 5

2). Plaintiff's rights secured to him by the 14th amendment were violated because while at the D.C.J he was denied access to the courts in the forms of 1) not having a well furnished law library to conduct legal research to defend and prosecute civil and criminal matters of law 2). not allowing plaintiff full access to his legal materials that he owned and brought with him to the D.C.J, even though no penological or security threat was present but rather to ensure that no civil actions were going to be commenced against the D.C.J 3) not having services like noterizing of documents or photo copying. Plaintiff has a constitutional right to access the courts and while at the D.C.J plaintiff was representing himself in both a criminal and civil matter, the latter which was dismissed and thus the cognizable injury that plaintiff suffered. Plaintiff had no way of defending himself by filing legally competent legal memorandums/motions and or communicating with the courts via prisoner correspondence to identify his present place of incarceration because his mail was being scrutinized and not given to him many times and was not going out. The acts and omissions described herein were the direct cause of plaintiff's injuries and violation of rights secured to him by the 14th amendment.

Pg 6.

3) The D.C.J has no "on site" doctors, physicians or medical personnel to aid in the event of an emergency or medical crisis. At the time plaintiff was being housed at the D.C.J, he was denied adequate medical care because of the lack of medical personnel. Plaintiff underwent pain and suffered through epileptic episodes at times with no medical assistance on more than one occassion. Plaintiff awoke on the floor of his suicide watch cell in a pool of urine and blood and saliva, obvious evidence that he had just suffered a seizure attack and was never seen by a trained medical official but instead was ignored. Plaintiff was beaten once and didn't receive immediate medical care even though he complained to defendant Rost of pain. Plaintiff has a Constitutional right to receive adequate medical care under the 14th amendment. The and omissions described herein, violated plaintiffs Constitutional rights.

4. Plaintiff was placed in two condemned cells while in the custody of the D.C.J. One of these incidents took place on 9-15-13. Plaintiff was placed in a disciplinary segregational cell by defendant Leathers.

Pg 7

This cell had no mattress and thus forced detainees to either remain standing or lay/sit on a cement platform that was stained with streaks of feces. This cell also reeked of urine. Plaintiff had no toilet paper and was advised to use his shirt by defendant Quinn.

Later on that same day he was transfered to an observation cell for punitive reasons and to also conceal the fact that he was just beaten. This cell was also condemned and also reeked of urine and had feces on its walls and bed platform. This cell also lacked a mattress. This cell was cold and plaintiff was forced to strip his clothing to suffer this cold. This cell had no working toilet, and or sink water because it was shut off at the direction of Sergeant Rost, forcing plaintiff to defecate and urinate on the floor. Plaintiff has a right to humane living conditions and to be free from cruel and unusual punishment. The acts and omissions described herein violated the plaintiffs rights secured to him by the 14th amendment.

5) Plaintiff was forced to wear filthy clothing issued by the D.C.J and was not furnished with the least minimal required underwear such as sock, boxers/briefs, tee shirts etc. The D.C.J had no alternative to their lack of insufficient clothing like letting plaintiff purchase this clothing to use while at the D.C.J. As a result of filthy and inadequately washed clothing circulating among the detainees, at the D.C.J, plaintiff was infected with some sort of fungus on his penis. Plaintiff has a protected right to be furnished with the least minimal required clothing such as "underwear" and to enjoy the least minimal standards of decency under the 14th amendment. The acts and omissions described herein violated the plaintiff's constitutional rights.

6). Plaintiff was a victim of excessive force. Defendant Quinn attacked the plaintiff with a dinner tray and caused him several injuries and provoked plaintiffs seizure episodes as plaintiff never before suffered from epilepsy. Defendant Quinn acted maliciously and sadistically and applied force to cause pain rather than to restore discipline in a good faith effort.

Pg. 9

Plaintiff refused to give/return his dinner tray because the defendant (Quinn) had told him to use his shirt to wipe his bottom after defecating and denying him toilet paper. As a result, plaintiff was beaten when defendant Quinn walked into plaintiff's cell to retrieve said tray. Plaintiff has a right to be free from corporal punishment and from the use of excessive force applied in bad faith to cause pain. under the 14th amendment. When defendant Quinn assaulted plaintiff, he violated his constitutional rights.

7) On 9-15-2013, Defendant Leathers confiscated a legal book (Federal Civil Rules Handbook 2010) and threatened that she would ensure that Defendant Smith barred plaintiff from continuing to use his book. Plaintiff ensured defendant Leathers that Sergeant Bertz had given him leave to use this book and that she had no right to overstep her boundries as her superior had given him the book himself. Plaintiff needed his book to complete and timely and accurately file motions in court.

As a result of Defendant Leathers and plaintiff feuding most recently - at the time that the events giving rise to this claim occurred - because defendant Leathers would not allow plaintiff to receive his legal mail and would not allow him to have it unless she read what it was about, (thus the sporadic "out of the blue" shakedown to ensure defendant Leathers would read plaintiffs mail one way or another), she retaliated against him. Plaintiff had informed defendant Leathers that she shouldn't call him racist names like; (wet back, spic, kike, Jew boy) and as a result she restricted plaintiff from receiving his legal mail and confiscated his legal book, threatened him at taizer point, and forced him into a disciplinary segregational cell, when he told her he would grieve her behaviour. Her decision to put plaintiff in a disciplinary segregational cell arbitrarily, sparked the chain of events that ultimately resulted in him being beaten. Plaintiff has a constitutional right to be free from arbitrary punishment, harrassment, and racism. The acts and omissions described herein violated plaintiffs rights secured to him under the 14th amendment

Pg 11

## COUNTS

Plaintiff would now reallege and incorporate all aforementioned paragraphs as full set forth herein on all counts.

### COUNT 1: Monell Claim/Deliberate Indifference

Defendants Shofner and Smith were both (at D.C.J) the policy making bodies. Both defendants knew and should have known or reasonably inferred that detainees under their charge would need emergent medical attention. In the event their surcharges happened to need medical attention no medical personnel was available at the D.C.J because defendants Shofner and Smith didn't hire on site medical staff. Plaintiff was experiencing reoccuring epileptic attacks and thus was injured every time this event took place. While at the D.C.J plaintiff made efforts to grieve this systematic deficiency and thus made defendants subjectively aware. The policy, practice, and custom and or lack there of not having an site medical personell violated plaintiffs rights guaranteed under the 14th amendment.

Pg. 12

<u>COUNT 2 : Monell claim / Failure to train</u>

Defendants Shofner and Smith both failed to effectively train their correctional employees to keep their charges safe. The defendants failed to instruct their employees on the proper use of excessive force, and failed to effectively screen personnel psychologically to evaluate their officer's mental health to infer competence in "this kind" of workfield. As a result of not properly training and screening defendants Quinn, Leathers, Rost, **plaintiff** was the target of racism, retaliation and ultimately excessive force.

The acts and omissions by defendants Shofner and Smith constitute policy practice and custom and thus became the moving force behind plaintiffs injuries and present day ailments and violated plaintiffs rights secured to him by the 14<u>th</u> amendment to be free from excessive force in bad faith, racism, and retaliation.

Pg. 13

## COUNT 3: Meaningful access to the Courts

Defendants Shofner and Smith knew that the plaintiff was deprived of a well furnished law library. These defendants continued to ignore the demands that needed to be met by housing inmates that aren't originally from "their" county and yet failed to accomodate the requirements of Bounds v. Smith. Defendants knew and should have known that detainees from "Cook County" were more actively involved in their own criminal and civil proceedings and thus represented themselves and or filed relevant documents on behalf of themselves. Defendants agreed to undergo in contract with Cook County to house their detainees upon awaiting their next court appearance with the knowledge that their facility (D.C.J) wasn't suitable to house this "species" of pro-se litigants. Defendant Smith also knew that plaintiff was not being given his whole legal material and deprived of the oppourtunity to defend his legal matters even with his own material.

Defendant Leathers deprived the plaintiff of physical access to his legal mail

Pg. 14

and own legal book. The plaintiff was working on a motion to which this "book" was essential. As a result of defendant's acts and omissions described herein plaintiffs rights under the 14th amendment to access the courts was violated.

COUNT 4: Cruel and unusual Punishment in retaliation.

Defendant Rost acted in a concerted effort by the D.C.J.'s staff to wage a campaign of harrassment by placing plaintiff in a suicide watch cell and striping him of his clothes to endure the cold and deplorable conditions of that cell. Plaintiff was being retaliated against because he was excersicing his right to grieve the issues stated here in and because he was demanding to excercise access to the courts in the form of legal services/library, and thus was placed in a suicide watch cell that was condemned, cold, had no working water (it was shut off at the direction of sergeant Rost) or toilet. Plaintiff was in this cell for more than 72 hrs. in this deplorable state. Defendant Rost also left plaintiff on the floor

Pg. 15

without medical attention after plaintiff had a seizure. Plaintiff has a right to be free from cruel and unusual punishment and to be given the least minimal standards of decency and the acts and omissions described herein violated plaintiffs rights under the 14th amendment, rights secured to him by the United States Constitution because they were malicious and wanton.

### COUNT 5: Excessive Force/Failure to protect

Defendant Quinn beat plaintiff up with a dinner tray. He applied excessive force with a sadistic and malicious mind state to administer pain rather than applying it in a good faith effort to restore peace and discipline.

Defendant Rost was present while plaintiff was being beaten and failed to intervene.

Plaintiff has a constitutional right to be free from excessive force applied in bad faith and a right to be protected. The acts by these defendants violated plaintiffs rights secured to him under the 14th amendment.

Pg. 16

## COUNT 6: State law Claim
### Respondeat Superior

Pursuant to respondeat superior defendants Dewitt County, Shofner, and Smith are liable for the actions and omissions of their subordinates. (eq. Rost, Leathers, Quinn).

### STATEMENT OF CLAIM

Plaintiff will forever be injured by the acts and omission described in this complaint. Plaintiff now suffers from, seizures, has constant headaches, blurry vision, slurring of speech, and fungi on his member the acts and omissions of the defendants being the moving force behind plaintiffs physical, psychological, and equitable injuries where for plaintiff prays this honorable court does the following:

a) enter judgment against all named defendants
b). award, punitive, compensatory and emotional pain and suffering damages to the plaintiff
c). grant a trial by jury.
e). grant any other costs relevant to this suit including filing fees
f). any other relief this court deems just proper and equitable.

Pg. 17

## CERTIFICATION

I, Giovanni Leyva, certify that the contents in this civil action are true and correct to the best of plaintiffs, knowledge, information and belief and thus filed in a good faith effort and with the utmost respect and reverence of the law.

Respectfully Submitted,

MR. Giovanni Leyva

# M44976

Signed on 4-5-15    X _____

In Pinckneyville, Illinois,

Zip: 62274

Pg. 18